# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**VASUDEV PATEL**                                                                                   **PETITIONER**

**VERSUS**                                                     **CIVIL ACTION NO. 5:20-cv-54-DCB-MTP**

**SHAWN GILLIS**                                                               **RESPONDENT**

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Vasudev Patel's Amended Petition for Writ of Habeas Corpus [15].  Having carefully considered the record, the parties' submissions, and the applicable law, the undersigned recommends that the Petition [1] be denied as moot.

On March 4, 2020, Patel filed his Petition pursuant to 28 U.S.C. § 2241.  On May 11, 2020, Patel filed an Amended Petition [15] challenging his continued civil detention and requesting emergency relief due to the COVID-19 pandemic.  Petitioner requested to be released from custody.  Pet. [15] at 24.

On June 8, 2020, Respondent filed a Motion to Dismiss [20].  Respondent argues that the Petition is moot because Patel was removed to India on June 1, 2020.  Mot. [20], Ex. A at 1.  Petitioner has not responded to the Motion [20] and the time for doing so has expired.

Because the only relief Petitioner seeks is his release from immigration custody, his Petition [1] became moot upon his deportation from the United States, which terminated his immigration detention.[1]  *See Ighekpe v. Sourkaris*, 2006 WL 297746, at *2 (N.D. Tex. Jan. 30,

---

[1] Petitioner does not challenge his removal order but seeks release based on health concerns due to COVID-19 and the length of his immigration detention.  Petitioner stated that he feared his imminent removal to India due to the current pandemic.  Pet. [15] at 3.  But he also took issue with the length of his detention, which he said had "no foreseeable end in sight."  *Id*. at 4.  The core of the Amended Petition [15] seeks Petitioner's release from ICE custody, and that relief has been obtained because Petitioner is no longer in custody.

2006) (citing *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003)); *Lay v. I.N.S.*, 2002 WL 32494536, at *1 (N.D. Tex. Dec. 17, 2002). The Petition no longer presents a live case or controversy for purposes of satisfying Article III, Section 2 of the United States Constitution. Therefore, it should be dismissed as moot.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Respondent's Motion to Dismiss [20] be GRANTED and the Amended Petition [15] be DISMISSED with prejudice as moot.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 23rd day of June, 2020.

s/ Michael T. Parker  
United States Magistrate Judge